**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JERMAINE WEEDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 06-CV-2924 |
| | ) | (01-CR-907-2) |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

On May 25, 2006, Jermaine Weeden initiated this action for return of property pursuant to Fed. R. Cr. P. 41(g). Pending before this Court is the government's renewed motion to dismiss this action. For the reasons set forth below, Weeden's motion to return property [1] is denied and the government's motion to dismiss [31] is granted.

**I.      Background**

Before turning to the merits of the case, the Court briefly recounts the procedural history of this case. The dispute at issue involves the seizure of approximately $2,800.00 in cash found on Jermaine Weeden during a June 15, 2003 arrest. In the underlying criminal action (Case No. 01-cr-907-2), Weeden pleaded guilty to two counts of possession of a controlled substance with intent to distribute on January 30, 2004. See Case No. 01-cr-907-2, DE 7, 45. Later that year, after the entry of judgment and sentencing, Weeden filed a motion for return of property pursuant to Fed. R. Cr. P. 41(g). See Case No. 04-cv-7568, DE 1. The judge presiding over Weeden's criminal case dismissed the motion without prejudice because Weeden failed to pay the appropriate filing fee to initiate the action. See Case No. 04-cv-7568, DE 6.

In this action, filed in May of 2006, Weeden again seeks relief pursuant to Rule 41(g) for return of seized property. See DE 1. Weeden contends that during his arrest on June 15, 2003, DEA agents seized approximately $2,800.00 that Weeden claims to have won at a Harrah's casino. *Id.* Weeden argues that because the money was not forfeited during the criminal proceedings against him, but rather was unlawfully seized, he is entitled to return of the money under Rule 41(g). *Id.* Rule 41(g) states, in relevant part, that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."

The government renews its motion to dismiss this action, which Judge Guzman previously denied without prejudice on October 30, 2007. See DE 22. On that same day, Judge Guzman appointed counsel to represent Weeden in this case. See DE 22. The government filed its renewed motion on January 9, 2008. See DE 31. The Court set a briefing schedule on the motion, but subsequently received notice from Weeden's lawyer that Weeden would not be filing a response to the motion (see DE 37). In light of that notice, the Court thus considers the government's motion fully briefed and ready for adjudication.

**II.     Analysis**

The government contends that this case must be dismissed because the United States never had possession of the money in question. The Court agrees. The Seventh Circuit has recognized that a post-conviction Rule 41(g) motion should be treated as a civil equitable proceeding for the return of property in question. See *United States v. Taylor*, 975 F.2d 402, 403 (7th Cir. 1992); see also *United States v. Solis*, 108 F.3d 722 (7th Cir. 1997). However, given that the relief sought under Rule 41(g) is return of property *from the government*, "the fact that the government doesn't have it is ordinarily a conclusive ground for the denial of the motion."

*Okoro v. Callaghan*, 324 F.3d 488, 491 (7th Cir. 2003) (citing *United States v. Solis*, 108 F.3d 722, 723 (7th Cir. 1997); *United States v. White*, 718 F.2d 260, 261 (8th Cir. 1983) ).

Rule 41(g) is a vehicle for recovering seized but not forfeited property. See *United States v. Sims*, 376 F.3d 705, 708 (7th Cir. 2004); *United States v. Howell*, 354 F.3d 693, 695 (7th Cir. 2004). Whether or not the government possesses the property in question at the time the motion is filed – here, the $2,800.00 in cash that Weeden contends was unlawfully seized – is a question of fact. See *United States v. Stevens*, 500 F.3d 625, 628 (7th Cir. 2007). When considering a Rule 41(g) motion, a district court "must receive evidence on any factual issue necessary to decide the motion." Fed. R. Cr. P. 41(g). However, the Seventh Circuit instructs that a district court need not hold an evidentiary hearing under Rule 41(g) to satisfy the requirement that it receive evidence in order to resolve the factual dispute. *Stevens*, 500 F.3d at 628 (explaining that the requirement that a district court receive evidence "does not mean that a district court must conduct an evidentiary hearing to resolve all factual disputes"). Evidence related to a factual dispute under the rule may be presented in the form of sworn affidavits or documents verifying the chain of custody of a particular item. *Id.*

The government offers the affidavit of Donald Kaiser, Jr., a Special Agent of the Federal Bureau of Investigation (the "FBI") in support of its contention that neither the United States nor any of its agents possesses – or, indeed, ever has possessed – the money in question. See Gov't Motion Ex. 1. Kaiser attests that he has personal knowledge of the investigation of Weeden based on his own observations, information received from other law enforcement officers, and his review of the documents and records in Weeden's file. *Id.* ¶ 2. He further avers that "[a]t no time did the FBI nor any other division of the United States government that I am aware of, take possession of the currency Weeden possessed at the time of his arrest . . . ." *Id.* ¶ 4. Weeden

presents no evidence to controvert the facts set forth in Kaiser's affidavit. Nor does Weeden attach any documents to his motion that support his position that the United States government in fact does possess the $2,800.00 in question.

Based on the sworn attestations of Special Agent Kaiser and the absence of any supporting documentation from Weeden to support his position that the United States government possesses (or even at one time possessed) the funds at issue, the Court finds sufficient evidence to conclude that the United States does not have and never had possession of the currency. See *United States v. Hill*, 2004 WL 793309 at *1 (N.D. Ill. April 12, 2004) (denying the defendant's Rule 41(g) motion where "the government . . .submitted an affidavit of a federal law enforcement officer that unequivocally states that no agent or agency of the federal government has ever possessed the property" at issue); *Stevens v. United States*, 2008 WL 191206 at *4 (C.D. Ill. Jan. 22, 2008) (denying Rule 41(g) motion where the court concluded, relying in part on the affidavit of an FBI special agent, that government did not possess the property defendant sought). Indeed, the evidence in favor of the government's position essentially is uncontroverted. Because the United States was not in possession of the money that Weeden seeks to recover at the time that his motion was filed – and in fact appears never to have been in possession of that money – it is not the appropriate party from to which to request its return. See *Solis*, 108 F.3d at 723 (denying a Rule 41(g) motion where the property, a vehicle, was seized by the county sheriff and not the United States in a joint investigation and where no evidence was presented that the United States ever took possession of the property); see also *Okoro*, 324 F.3d at 491 (the fact that the government does not possess the property in question is ordinarily a "conclusive ground for denial" of a Rule 41(g) motion). Accordingly, Weeden's action against the government must be dismissed.

4

### III. Conclusion

For the reasons set forth above, Weeden's motion for return of property [1] is denied, the government's motion to dismiss [31] is granted, and this case is dismissed.

Dated: June 2, 2008

Robert M. Dow, Jr,
United States District Judge